680 So.2d 637 (1996)
MARSH ENGINEERING, INC., et al.
v.
Ernest L. PARKER, et al.
No. 96-C-1434.
Supreme Court of Louisiana.
September 27, 1996.
Concurring Opinion October 1, 1996.
Concurring Opinion of Justice Lemmon October 1, 1996.
Denied.
*638 WATSON, J., would grant the writ.
LEMMON, J., concurs with reasons.
CALOGERO, C.J., not on panel; recused.
LEMMON, J., concurring.
I concur in the denial of certiorari, but note that the denial has no res judicata effect in this court on the issue of prescription. Although the court of appeal "ruled" that La.Rev.Stat. 9:5605 does not apply retroactively, the judgment of the court of appeal merely overruled an exception of prescription and thus did not determine the merits of the case in whole or in part.[1]
More importantly, the court of appeal remanded the case to the district court for trial of the other issues, and this court invariably declines to exercise supervisory jurisdiction under such circumstances. Therefore, our writ denial[2] of an application from a partial judgment remanding the case for trial of other issues means nothing more than a refusal to review the prescription issue at this time. Certainly the writ denial does not preclude this court's review of this issue in a future certiorari application after the district court's judgment on the merits on remand and the intermediate court's judgment on appeal after remand.[3]
NOTES
[1] A final judgment is one that determines the merits of the case in whole or in part. La.Code Civ.Proc. art. 1841. Only a final judgment (as opposed to interlocutory) acquires the effect of res judicata. La.Rev.Stat. 13:4231.
[2] If defendant had not sought certiorari now, the result should be the same. If a writ denial has no res judicata effect, a failure to file a writ destined for denial should be treated likewise.
[3] The "law of the case" doctrine may apply as to the prescription issue in the intermediate court on an appeal after the district court on remand renders a judgment deciding the entirety of the merits. However, while an appellate court has the power to revisit an issue when the "law of the case" doctrine applies, no court has the power to change a judgment that has become res judicata.