INOFAST MANUFACTURING, INC.
and Norman Bardsley,

v.

Scott BARDSLEY, Leigh Bardsley,
and Dave Miller.

No. CIV. A. 99–CV–6341.

United States District Court,
E.D. Pennsylvania.

June 29, 2000.

Norman Bardsley, Philadelphia, PA, for Plaintiffs.

Jonathan K. Hollin, Powell, Trachtman, Logan, Carrle, Bowman and Lombardo, King of Prussia, PA, for Defendants.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

This case has been brought before the Court on motion of the defendants to dismiss the plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6) on the grounds that

it is barred by the statute of limitations and by the principles of *res judicata.* For the reasons set forth in the paragraphs which follow, the motion shall be granted and Plaintiff's complaint dismissed with prejudice.

### History of the Case

According to the plaintiff's Complaint, "the central and material issue in this case is the disputed validity of 12,857.143 shares of Inofast stock" issued to Scott Bardsley, Leigh Bardsley and Dave Miller between September 30, 1992 and April 21, 1993. Plaintiff, who is the former majority shareholder in Inofast, the brother of defendant Scott Bardsley and the son of Leigh Bardsley, contends that these additional shares were issued in violation of SEC Rule 10b–5(b) in that he did not approve them or participate in the Board of Directors' decision to approve them. Plaintiff seeks equitable relief on behalf of both himself and the corporation in the form of a Court Order declaring the disputed 12,-857.143 shares void as well as all corporate acts which were effectuated through the unlawful exercise of the voting rights of those shares.

This action, which was instituted on December 13, 1999 is, by Plaintiff's own pleading, at least the fourth lawsuit which he has filed as the result of the allegedly unlawful issuance of the additional shares of stock to these defendants. On December 2, 1993, Mr. Bardsley filed suit in the Court of Common Pleas of Montgomery County seeking a declaration that a 1989 shareholders agreement was invalid and requesting the Court to rescind the issuance of the 12,857.143 shares of stock. The Plaintiff voluntarily discontinued that action on May 19, 1994 but on June 16, 1994, he filed a second action in Montgomery County in which he sought injunctive relief and compensatory damages for the same series of transactions under the theories of violation of fiduciary duty, fraud and for violation of the Pennsylvania Busi-

ness Corporation Law. Thereafter, on April 19, 1995, Norman Bardsley brought a third suit for the unlawful issuance of the 12,857.143 shares of stock to the defendants in this Court, at No. 95–2287. This suit again sought equitable and declaratory relief under Sections 10(b) and 29(b) of the Securities and Exchange Act of 1934, 15 U.S.C. §§ 78a–78kk and under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et. seq.* ("RICO"). According to his complaint in this action, the second Montgomery County action was "recently voluntarily withdrawn" by Plaintiff "as a direct result of a material misrepresentation of fact made in that Court in the name of Inofast by defendants," while the first District Court action was dismissed under Fed.R.Civ.P. 12(b)(6) as barred by the statute of limitations. (Pl's Compl., ¶ 10). *See Also: Bardsley v. Powell, Trachtman, Logan, Carrle & Bowman,* 916 F.Supp. 458 (E.D.Pa.1996).

In the instant motion to dismiss, Defendants assert that this action is not only time-barred but is also barred by the doctrine of *res judicata.* In response, Plaintiff first asserts that because this Court never addressed or reached the issue of whether the disputed 12,857.143 shares of stock were properly authorized and issued, this case cannot be barred by *res judicata.* Second, Plaintiff contends that this action is not time-barred because, in failing/refusing to admit that the issuance of the disputed stock was *ultra vires,* the defendants fraudulently concealed their actions. Accordingly, Plaintiff argues, neither he nor Inofast could have learned of the fraud and their resultant injuries until this fraud was publicly exposed and thus the statute of limitations was effectively tolled until the time of discovery.[1] Because we find this action to be barred under the principles of *res judicata,* we do not reach the statute of limitations issue.

---

1. In so arguing, however, Plaintiff nowhere explains how or when this alleged fraud was exposed to the public such that he learned of it in time to commence this lawsuit.

### Standards Governing Rule 12(b)(6) Motions

■ *Res judicata,* although an affirmative defense, may be raised by a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). *Rycoline Products, Inc. v. C & W Unlimited,* 109 F.3d 883, 886 (3rd Cir.1997); *Mack v. Municipality of Penn Hills,* 547 F.Supp. 863, 868, note 9 (W.D.Pa.1982). It has long been held that in resolving a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, accepting the facts alleged as true along with all reasonable inferences that can be drawn therefrom and construing them in the light most favorable to the plaintiff. *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3rd Cir.1990); *Chester County Intermediate Unit v. Pennsylvania Blue Shield,* 896 F.2d 808, 812 (3rd Cir.1990). Dismissal under Rule 12(b)(6) for failure to state a claim is therefore limited to those instances where it is certain that no relief could be granted under any set of facts that could be proved. *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3rd Cir.1988).

■ The doctrine of *res judicata* or claim preclusion promotes finality, certainty and judicial efficiency by barring relitigation of claims. *Berwind Corporation v. Apfel,* 94 F.Supp.2d 597, 608 (E.D.Pa. 2000), citing *Gregory v. Chehi,* 843 F.2d 111, 116 (3rd Cir.1988). *See Also: Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). *Res judicata* applies to all claims actually brought or which could have been brought in a prior action regardless of whether they were asserted or determined in the prior proceeding. *Brown v. Felsen,* 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979); *James v. City of Philadelphia,* 1999 U.S. Dist. LEXIS 13391 (E.D.Pa.1999) *4.

■ The party seeking to invoke claim preclusion has the burden of showing that there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action. *African International Bank v. Epstein,* 10 F.3d 168, 171 (3rd Cir.1993); *Lubrizol Corp. v. Exxon Corp.,* 929 F.2d 960, 963 (3rd Cir.1991); *Signator Investors, Inc. v. Olick,* 2000 U.S. Dist. LEXIS 2739 (E.D.Pa.2000) *6. Thus, a party may not split a cause of action into separate grounds of recovery and raise the separate grounds in successive lawsuits; a party must raise in a single lawsuit all the grounds of recovery arising from a single transaction or series of transactions that can be brought together. *Mars, Inc. v. Nippon Conlux Kabushiki–Kaisha,* 58 F.3d 616, 619–620 (Fed.Cir.1995); *Gregory v. Chehi,* 843 F.2d 111, 117 (3rd Cir.1988). Application of the principles of claim preclusion is not altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case. *Berwind,* 94 F.Supp.2d at 609, citing *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981).

In applying these principles to the matter now before us, we find that while Plaintiff may have voluntarily discontinued the two Montgomery County lawsuits, a final judgment on the merits was rendered by this Court in Action No. 95–CV–2287 on February 20, 1996 when that action was dismissed on statute of limitations grounds. Plaintiff took an appeal of that decision to the U.S. Court of Appeals for the Third Circuit, which affirmed our 2/20/96 Memorandum and Order. *See,* 106 F.3d 384 (3rd Cir.1996).

We likewise find that the parties in the 1995 action and those in this action were in privity with one another for *res judicata* purposes. Privity is said to exist where a party adequately represented the nonparties' interests in the prior proceeding. *Berwind,* 94 F.Supp.2d at 609. In the 1995 suit, Norman Bardsley named as defendants Scott and Leigh Bardsley, David Miller, Inofast and its attorneys, Joel Perlstein, Esquire, Jonathan Hollin, Esquire and the law firm of Powell, Trachtman,

Logan, Carrle & Bowman for the same claims as are being raised here, as well as for a RICO violation. Although Inofast is listed as a plaintiff in this case and no claims have been raised against the law firm defendants, in all other respects the parties are identical.

 Finally, it has been said that Courts take a broad view of "cause of action." *Berwind, supra,* citing *Churchill v. Star Enterprises,* 183 F.3d 184, 194 (3rd Cir.1999). Two actions are generally deemed to be the same where there is an essential similarity of the underlying events rather than on the specific legal theories invoked. *Lubrizol,* 929 F.2d at 963; *Tyler v. O'Neill,* 52 F.Supp.2d 471 (E.D.Pa.1999), *aff'd* 189 F.3d 465 (3rd Cir. 1999), *cert. denied,* —— U.S. ——, 120 S.Ct. 981, 145 L.Ed.2d 932 (2000). The courts should therefore look to whether the acts complained of and the demand for relief are the same; whether the theory of recovery is the same; whether the witnesses and documents necessary at trial are the same; and whether the material facts alleged are the same. *United States v. Athlone Industries, Inc.,* 746 F.2d 977, 984 (3rd Cir.1984); *Williams v. City of Allentown,* 25 F.Supp.2d 599, 604 (E.D.Pa. 1998). Given that in this case, the plaintiff has asserted the identical causes of action (albeit minus the RICO count) against the identical defendants (less the law firm defendants and re-alignment of the corporate party), we conclude that there is a sufficient identity of causes of action to invoke the bar of *res judicata.* For these reasons, Defendants' motion to dismiss shall be granted and Plaintiffs' complaint dismissed with prejudice in accordance with the attached order.

### *ORDER*

AND NOW, this __ day of June, 2000, upon consideration of Defendants' Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) and Plaintiffs' Response thereto, it is hereby ORDERED that the Motion is GRANTED and Plaintiffs' Complaint is DISMISSED with prejudice for the reasons set forth in the preceding Memorandum.