United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 26, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60421
Summary Calendar
_____

CHARLES L. STRINGER,

                                        Plaintiff-Appellant,

versus

MARK DANIELS; RON TILLMAN; ORAN PAGE;
BARBARA DUNN; CITY OF JACKSON, MISSISSIPPI;
POLICE DEPARTMENT OF THE CITY OF JACKSON, MISSISSIPPI,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:03-CV-1297
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Charles L. Stringer appeals the district court's dismissal

of his lawsuit raising claims under 28 U.S.C. § 1343 and 42

U.S.C. § 1983.  He moves that this court strike the appellees'

briefs because they were not filed within 30 days of the date he

served his brief.  This motion is DENIED.

     Stringer asserts that the district court erred in denying

his motion for recusal because the district court judge was

related to a Hinds County Supervisor and because of business and

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

work relationships between the judge and two defense attorneys. He has not established that the district court abused its discretion in denying his motion. See Trevino v. Johnson, 168 F.3d 173, 178 (5th Cir. 1999); United States v. MMR Corp., 954 F.2d 1040, 1045-46 (5th Cir. 1992).

Stringer contends that the district court erred in dismissing his claims against the defendants on the grounds of res judicata. We review this claim de novo. See Schmueser v. Burkburnett Bank, 937 F.2d 1025, 1031 (5th Cir. 1991). Stringer has not established that the district court erred in dismissing the complaint on res judicata grounds, in light of his 1999 complaint raising claims under 42 U.S.C. § 1985 arising out of the same set of operative facts. See Vines v. Univ. of Louisiana at Monroe, 398 F.3d 700, 709 (5th Cir. 2005), cert. denied, 126 S. Ct. 1019 (2006).

Stringer also asserts that the 1999 lawsuit should not have been dismissed with prejudice because he was proceeding pro se. Stringer should have raised this claim in an appeal of the adverse ruling in that case; he may not do so in the instant proceeding. The judgment of the district court is thus AFFIRMED.