United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 9, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-20973

_____

DUFFY & MCGOVERN ACCOMMODATION SERVICES,

Petitioner-Appellant,

versus

QCI MARINE OFFSHORE, INC.,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

Before HIGGINBOTHAM, DAVIS, and STEWART, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

After QCI sued DMAS in state court for breach of contract, DMAS removed and persuaded the federal district court to dismiss the case because a forum selection clause mandated venue in England. After settling some claims, QCI filed an almost identical suit in state court. After failing to convince the state court to dismiss the suit, DMAS asked the federal district court to enjoin the state proceedings. The court refused, concluding that its prior order was not preclusive. DMAS appeals, and we reverse and remand.

In February 2004, QCI Marine Offshore, Inc. filed a breach of contract suit[1] against Duffy & McGovern Accommodation Services ("DMAS") in state court in Houston. Asserting diversity jurisdiction, DMAS removed to federal district court and filed a motion to dismiss, arguing that a forum selection clause in the contract mandated resolution of the case in England. The district court agreed, concluding that the forum selection clause was valid and enforceable and dismissing the case "without prejudice" on April 30. QCI appealed to this court.

On August 27, while the appeal was pending, QCI filed an almost identical breach of contract suit against DMAS in a different state court in Houston. Because an intervening settlement lowered the amount in controversy,[2] this case could not be removed. QCI dropped its appeal to this court on September 28, before a decision was rendered.

DMAS answered the complaint and filed a motion to dismiss, arguing that under Texas law the forum selection clause should be enforced and, in the alternative, that the federal court's decision collaterally estopped QCI from arguing that the forum selection clause was invalid or unenforceable. QCI argued that the state

---

[1] Although irrelevant to this case, the underlying dispute revolves around a roughly $1 million oil and gas service contract.

[2] Aside from the settled claims, the two cases were identical. After settlement, the amount in controversy fell to about $44,000, precluding diversity jurisdiction.

court was free to redetermine the issue because the federal court dismissed the case "without prejudice" and because a dismissal based on a forum selection clause is similar to one based on *forum non conveniens*, which Texas courts agree is not preclusive.

On February 16, 2005, the state court denied DMAS's motion without comment. It also denied DMAS's motion to reconsider without comment. DMAS filed a petition for writ of mandamus in the Texas Court of Appeals, which that court denied without comment.

Finding no relief in state court, DMAS filed a complaint on July 8 in the same federal district court that dismissed the original case, seeking an injunction against the state court proceedings. DMAS argued that the injunction was proper because, under the "relitigation exception" to the Anti-Injunction Act, a federal court can enjoin state proceedings threatening to ignore an earlier, preclusive federal court order.[3] QCI argued primarily that the state court order, concluding that the federal court order was not preclusive and that the forum selection clause was not binding, was itself preclusive under *Parsons Steel, Inc. v. First Alabama Bank*;[4] it argued secondarily that the earlier federal order was not preclusive. DMAS replied that the state court order was not final, therefore not preclusive; hence the *Parsons Steel* bar was inapplicable.

---

[3] *See* 28 U.S.C. § 2283.

[4] 474 U.S. 518, 524 (1986).

After granting a preliminary injunction and holding a hearing, the district court dissolved the preliminary injunction and refused to issue a permanent one on August 1. The court concluded that although its prior judgment was final, it was not entitled to preclusive effect; it did not address QCI's contention that the state court order was preclusive. The court apparently held that collateral estoppel applies only to "issues of ultimate fact," not issues of law. It also stated in its short order that decisions regarding forum selection clauses are not "essential to the outcome of the ultimate issues involved" so that resolution of the present forum selection issue would not "lend sway one way or the other on the ultimate issues between the parties."

On August 4, DMAS filed a petition for writ of mandamus in the Texas Supreme Court, which that court denied without comment in September.

On August 12, DMAS filed a motion for new trial in the present case, arguing that the district court erred as a matter of law because collateral estoppel applies to prevent the relitigation of any issue, of fact or law, when the issue previously litigated was identical, actually litigated, necessary to the decision, and reviewed under the same standard. The court denied the motion without comment, and DMAS filed the present appeal. We granted DMAS's motion to expedite due to the imminent state trial. DMAS then filed a motion in the district court for a preliminary injunction pending the results of this appeal, which the court

4

denied without comment.

II

Before reaching the merits, we pause to explain our jurisdiction. The federal district court had diversity jurisdiction over the original case. After it dismissed that case, QCI and DMAS settled some of the claims, reducing the amount in controversy to about $44,000. Although this would deprive the federal courts of diversity jurisdiction in a new suit based on contract law, this case arises under federal question jurisdiction because the dispute turns on the Anti-Injunction Act and the federal courts' equitable power to enjoin proceedings to effectuate their orders. This court has appellate jurisdiction over the district court's final judgment refusing to enjoin pursuant to 28 U.S.C. § 1291.

III

Under the Anti-Injunction Act, a federal court can enjoin state court proceedings only in limited circumstances:

> A Court of the United States may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.[5]

The last exception, called the "relitigation exception," allows an injunction where state proceedings threaten to undermine a federal judgment having preclusive effect under the "well-recognized

---

[5] 28 U.S.C. § 2283.

concept" of collateral estoppel.[6]  However, under the Full Faith and Credit Act, as construed by the Supreme Court in *Parsons Steel*,[7] once the state court has finally determined in the first instance that the federal judgment is not preclusive, that issue is settled and the federal courts cannot enjoin the state proceedings.

Consequently, we must answer two questions, addressed in turn. First, whether the state order denying preclusive effect to the original federal order was itself preclusive under state law, for if it was, *Parsons Steel* forbids injunction. Second, if the state court has not foreclosed the issue, whether the federal district court was correct that its original order was not preclusive.

A

Under *Parsons Steel*, once a state court has "finally rejected" a claim that a federal order is preclusive, "the Full Faith and Credit Act becomes applicable and the federal courts must turn to state law to determine the preclusive effect of the state court's decision."[8]  This is true even if we disagree with the state court order, the proper avenue for appeal being the state court system and ultimately the United States Supreme Court.[9]

It is unclear from *Parsons Steel* whether state or federal law

---

[6] *See Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147 (1988).

[7] 474 U.S. at 524.

[8] *Id.*

[9] *Id.* at 525.

determines whether the state court has "*finally* rejected" the claim that the federal order is preclusive, leading to application of state preclusion law.  Arguably, federal law should apply because "finality" is a precondition to using a body of state law.  Yet, that body of state law is preclusion law, of which "finality" is an element, so if state preclusion law is to be used, the court might have to use state law to determine "finality."  In a recent case this court followed the latter path; indeed, not only did we use state law to determine "finality," we used the whole of state preclusion law without first analyzing whether the state judgment was "final."[10]  In doing so, we implicitly interpreted *Parsons Steel* to require application of state preclusion law in all instances to determine the preclusive effect of a state judgment in federal court.  In other words, we ask whether, under state law, the state order is preclusive.  It happens here that question revolves around finality, as opposed to some other element of state preclusion law.

In this case, the state court order is not preclusive under Texas law because it is not a final judgment.[11]  Indeed, there is no judgment here at all, merely a court's interlocutory denial of a motion to dismiss.  Although Texas law also makes preclusive

---

[10] *Vines v. Univ. of La. at Monroe*, 398 F.3d 700, 705 (5th Cir. 2005).

[11] *Mower v. Boyer*, 811 S.W.2d 560, 561 (Tex. 1991) (citing RESTATEMENT (SECOND) OF JUDGMENTS § 3 (1982) in holding that collateral estoppel requires a "final judgment").

7

final adjudications that are "adequately deliberated and firm," adjudications presumably "less" final than traditional "final judgments," the commonplace order here rejecting a motion to dismiss fails Texas's three-part test for determining such adjudications.[12] QCI's citation to *In re AIU Ins. Co.*, a recent decision of the Supreme Court of Texas, is misplaced since that case either supports DMAS or is not on point.[13] This state order, like that in *Vines v. University of Louisiana at Monroe*,[14] is not preclusive under state law.

Because the state order denying DMAS's motion to dismiss based

---

[12] Under *Mower*, 811 S.W.2d at 562, a court should ask whether the parties were fully heard, whether the court supported its decision with a reasoned opinion, and whether the decision was subject to appeal or reviewed on appeal. Here, although the parties were fully heard by the state court, the court did not provide any opinion, and the decision, although appealable after final judgment, is not currently appealable. (DMAS did file two petitions for writs of mandamus, but they were denied without comment. Those were not appeals and the denials had no precedential effect on the merits. *See Booth v. Strippleman*, 61 Tex. 378, 378 (1884); *see also Vines*, 398 F.3d at 705) (dealing with a similar situation)).

[13] 148 S.W.3d 109 (Tex. 2004). In *AIU*, the Supreme Court of Texas was concerned that requiring a litigant whose motion to dismiss based on a forum selection clause was denied to wait until after final judgment to appeal would waste resources. Consequently, the court allowed such litigants to file interlocutory writs of mandamus. This confirms that denials of such motions to dismiss are not final judgments, because mandamus is needed only for unappealable interlocutory orders, not appealable final judgments. QCI argues that the following quote from *AUI* reveals that such denials are final judgments: "When a trial court denies a motion to enforce a valid, enforceable forum-selection clause...the trial court's final judgment is subject to automatic reversal at the request of the party seeking enforcement of the clause." QCI misreads the quote, which logically does not equate the denial to a final judgment; it says simply that when a trial court denies such a motion to dismiss, the later, resulting final judgment is subject to automatic reversal, leading to possible wasted resources. Furthermore, *AUI* is arguably not on point because it deals with whether motions to dismiss based on forum selection clauses are final, whereas the issue here is whether a motion to dismiss based on collateral estoppel is final.

[14] *See Vines*, 398 F.3d at 705 (concluding that, under Louisiana law, an appellate overruling of a peremptory exemption is interlocutory and therefore not preclusive).

8

on collateral estoppel is not preclusive under state law, *Parsons Steel* does not forbid a federal court injunction against the state proceedings.

B

The district court did not rely on *Parsons Steel*, instead basing its refusal to enjoin the state proceedings on its conclusion that its original order was not preclusive. We review that legal conclusion *de novo*.[15]

In this circuit, collateral estoppel applies when a previously litigated issue of law or fact was identical to the present issue, actually litigated, necessary to a final judgment, and reviewed under the same standard as the present issue.[16] The original federal judgment here, dismissing the case because a forum selection clause mandated venue in England, satisfies all four criteria. Indeed, this and other courts have held that similar dismissals based on valid forum selection clauses are preclusive. In *Harvey Specialty & Supply, Inc. v. Anson Flowline Equipment*, the defendant removed a case filed in Louisiana state court to the

---

[15] *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 868 (5th Cir. 2000) (holding that "[t]he application of collateral estoppel is a question of law that we review de novo").

[16] *See Pace v. Bogalusa City Sch. Board*, 403 F.3d 272, 290 (5th Cir. 2005); *Restatement (Second) of Judgments* § 27 (1982). Federal law applies to determine the preclusive effect of a federal judgment in federal court, even for purposes of enjoining state proceedings; the district court erred to the extent it applied Texas law. *See Harvey Specialty & Supply, Inc. v. Anson Flowline Equipment, Inc.*, 434 F.3d 320, 325 (5th Cir. 2005) (applying federal preclusion law to determine the preclusive effect of federal judgment in federal court for purposes of enjoining state proceeding)*; Offshore Sportswear, Inc. v. Vuarnet Intern'l B.V.*, 114 F.3d 848, 849 (9th Cir. 1997) (same).

Eastern District of Louisiana. That court held that venue was improper because of a forum selection clause; instead of dismissing the case, however, it transferred it to the proper venue, the Southern District of Texas. The plaintiff voluntarily dismissed the case and re-filed in a different Louisiana state court. The defendant moved in the Eastern District of Louisiana for an injunction against the state proceedings, which the court granted. This court reversed, but only because the original district court judgment was not "final," as it was a transfer, not a dismissal. The court strongly hinted that a dismissal instead of a transfer would have been final and preclusive, triggering the relitigation exception.[17] In *Offshore Sportswear, Inc. v. Vuarnet International B.V.*, a federal district court dismissed a case because of a forum selection clause. The plaintiff re-filed the case in state court, and the defendant removed, after which the federal district court dismissed the case because of preclusion. The Ninth Circuit affirmed, concluding that the prior dismissal satisfied all elements of collateral estoppel.[18]

The district court, in its order refusing the injunction, apparently held that collateral estoppel applies only to "issues of

---

[17] 434 F.3d at 320.

[18] 114 F.3d at 849; *cf. Twin Lakes Sales, LLC v. Hunter's Specialties, Inc.*, 2005 WL 1593361 (D. Minn. 2005) (after a state court dismissed the plaintiff's case because of a forum selection clause, and the plaintiff re-filed in federal court in Minnesota, the court dismissed the case, concluding that the prior dismissal was preclusive under state law).

ultimate fact" or issues that are "essential to the outcome of the ultimate issue involved." This is incorrect – any issue of fact or law, trivial or non-trivial, is preclusive on satisfying the above four-part test.

QCI argues that because federal court dismissals for *forum non conveniens* may not bind state courts which use different *forum non conveniens* principles,[19] the federal judgment here is non-binding. But the dismissal here, like those in the above cases, was predicated on a substantive contract interpretation, not *forum non conveniens*. QCI also argues that the district court's inclusion of the words "without prejudice" at the end of its order make the order non-binding. It does not; it only allows QCI to re-file in England.

QCI contends that the court's order either does not clearly uphold the forum selection clause, hence there is nothing to be preclusive, or holds that it is "permissive," hence England is not the only proper venue. To the contrary, the district court held that the contractual phrase "will have jurisdiction," unlike the phrase "shall have jurisdiction," mandated venue in England unless the defendant consented, stating that the "issue of where a case is brought is disposed of by the term 'will.'"[20] Its use of the word "permissive" meant permissive at the defendant's option. QCI

<hr>

[19] *See Chick Kam Choo*, 486 U.S. at 148-49.

[20] We do not decide whether that holding was correct. QCI dropped its appeal of that holding and opted instead to re-file its suit in state court.

correctly observes that the district court should have applied Texas law, not federal law, in ruling on the validity and enforcement of the forum selection clause, but there is no relevant difference;[21] regardless, that was an issue for the first, dropped appeal, not this one.

Finally, QCI argues that the district court's refusal to conclude that its own order was preclusive and enjoin the state proceedings makes clear its intent not to apply collateral estoppel as a matter of discretion. This argument has some merit, for a district court has discretion in choosing whether to apply collateral estoppel and should do so only if fair.[22] But here the district court's refusal to enjoin was based on a misapprehension of law, not an application of discretion. For this reason, we remand to the district court to exercise in the first instance this discretion.

For the foregoing reasons, the judgment of the district court is REVERSED and REMANDED.

---

[21] QCI argues that Texas rejects enforcement of an "unreasonable and unjust" forum selection clause, contending that the district court made no finding of reasonableness or justness. But the Texas Supreme Court recently and explicitly adopted federal law in this area, *see In re AIU Ins. Co.*, 148 S.W.3d at 111, including the "unreasonable and unjust" exception. And the district court was not required to state explicitly that the clause here was reasonable and just.

[22] *See Sport Supply Group, Inc. v. Columbia Casualty Co.*, 335 F.3d 453, 458 n.4 (5th Cir. 2003) ("there must be no special circumstances that would render preclusion inappropriate or unfair"); *Moch v. East Baton Rouge Parish Sch. Bd.*, 548 F.2d 594, 597 (5th Cir. 1977) ("it should be remembered that res judicata is a principle of public policy and should be applied to give, rather than deny justice"). QCI also argues, incorrectly, that the court's original intent in issuing the original order is relevant. Rather, the court's discretion comes when *applying* collateral estoppel.