United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 27, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 06-20770
Summary Calendar
_____

DUFFY & McGOVERN ACCOMMODATION SERVICES,

Plaintiff - Appellee,

versus

QCI MARINE OFFSHORE, LLC,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas, Houston Division
USDC No. 4:05-CV-2360
_____

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

QCI Marine Offshore, LLC ("QCI") appeals the district court's order applying the doctrine of collateral estoppel to enjoin QCI's state court lawsuit against Duffy & McGovern Accommodation Services ("DMAS"). Finding that the district court did not abuse its discretion, we affirm.

This case is before us for a second time. The facts and procedural history are set forth in our previous opinion. Duffy & McGovern Accommodation Services v. QCI Marine Offshore, Inc., 448 F.3d 825 (5th Cir. 2006). In the first appeal, we considered whether the district court's order upholding the validity of the forum

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

selection clause and dismissing the breach of contract action precluded QCI from pursuing the same claims against DMAS in state court. We concluded that the requirements for collateral estoppel were met as a matter of law, and remanded to the district court for the discretionary determination whether the doctrine could fairly be applied in this case. QCI, 448 F.3d at 831. On remand, the district court concluded that there was no bar to the application of collateral estoppel and enjoined the parties from proceeding in state court.

On appeal, QCI argues that fairness considerations preclude the application of collateral estoppel in this case. QCI maintains that DMAS manipulated the judicial system and wasted judicial resources by seeking relief in federal court after attempting to defend its case unsuccessfully in state court. The record makes clear, however, that this course of action was forced by QCI's attempt to undercut an adverse ruling by the federal court by initiating a second state court lawsuit, rather than pursuing its federal appeal. We find no abuse of discretion.[**]

The judgment of the district court is

AFFIRMED.

---

[**] QCI also argues that this court erred in its determination that the Texas state court's decision denying DMAS collateral estoppel barred the federal courts from considering this argument. "Absent an intervening Supreme Court or en banc decision or a change in the statutory law, we are bound to follow the prior panel's decision." United States v. Anderson, 853 F.2d 313, 320 (5th Cir. 1988). This argument is therefore foreclosed.