IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 25, 2007

Charles R. Fulbruge III
Clerk

No. 07-30558
Summary Calendar

In Re: YORAM RAZ,

Movant – Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
5:07-MC-21

Before WIENER, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Yoram Raz, a prolific filer of pro se lawsuits, was previously barred from filing another complaint in the Western District of Louisiana without first obtaining written permission of the court. On March 13, 2007, Raz sought permission to file a complaint against Bossier Deputy Reigan Malmay, Three Unknown Bossier Deputies, and the United States of America for alleged constitutional violations arising out of a traffic stop and arrest in Benton,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Louisiana. Finding that Raz's complaint was frivolous, the district court denied Raz leave to file his complaint.[1] Raz now appeals.

Having reviewed the pleadings and Raz's previous filings in the Western District of Louisiana, we conclude that Raz's current complaint contains the same type of incredible claims and allegations that led to the dismissal of Raz's previous actions. See, e.g., Raz v. United States, No. 99-0202 (W.D. La. Aug. 16, 1999) (order granting defendants' motions to dismiss). These incredible assertions also no doubt–in addition to Raz's "contumacious" behavior–led to the imposition of the pre-filing sanction in the first instance.[2] See Raz v. Storey, No. 99-1850 (W.D. La. Mar. 13, 2001) (order dismissing Raz's case and imposing sanctions on Raz). We, therefore, find that the district court did not abuse its discretion in denying Raz leave to file his complaint.[3] See In re: Yoram Raz, 48 Fed. Appx. 104 (5th Cir. 2002).

Accordingly, the order of the district court is AFFIRMED.

---

[1] Raz contends that the district court's order did not state the reasons for its denial of his Motion for Leave to File Complaint and, therefore, remand is required. The district court, however, stated that the reason it denied Raz's motion was because it found his complaint "frivolous."

[2] Although the allegations regarding the discrete events at issue–an allegedly unlawful traffic stop, search, and arrest–are not in and of themselves incredible or delusional, this event is–according to Raz–simply another event in the same "massive, unrelenting, and life-destroying" conspiracy involving the FBI, state and local law enforcement, and Israel's counterintelligence organization, Shin-Bet. Consequently, Raz's ongoing and incredible tale about this conspiracy casts doubt on his specific allegations regarding the events at issue.

[3] Raz also alleges that the district judge was biased against Raz. However, his argument is based on previous adverse rulings of the district judge, which, without more, is insufficient to cast doubt on the judge's impartiality. See Liteky v. United States, 510 U.S. 540, 550-51 (1994).