# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 25, 2008

Charles R. Fulbruge III
Clerk

No. 08-30075
Summary Calendar

LIBERTY MUTUAL INSURANCE COMPANY

Plaintiff-Appellee

v.

DR. CLARK GUNDERSON AND
LAKE CHARLES MEMORIAL HOSPITAL

Defendants-Appellants

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:04-CV-2405

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Defendants-Appellants Dr. Clark Gunderson and Lake Charles Memorial Hospital (jointly "Gunderson") appeal the district court's grant of First Health Group Corporation's ("First Health") motion for a permanent injunction and stay of proceedings. Appellee First Health requests that this Court dismiss the instant appeal for lack of jurisdiction. We DENY First Health's motion to dismiss, and AFFIRM the district court's grant of the permanent injunction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The parties in this case have a long and complicated history of litigation. The factual and procedural background relevant to the instant appeal is provided below.

> Liberty Mutual entered into an agreement ("PPO Contract") with [First Health] whereby First Health agreed to make available to Liberty Mutual various hospitals and medical providers. Defendants, Dr. Clark Gunderson ("Gunderson") and Lake Charles Memorial Hospital ("LCMH") entered into "Provider Agreements" with First Health for the delivery of medical services at discounted rates to "Payors," namely in this suit, Liberty Mutual. . . . Gunderson and LCMH asserted in [a prior] suit that the payment provision of their Provider Agreements is null and void under the disclosure rules of Louisiana's Any Willing Provider Act, Louisiana Revised Statute 40:2203.1, because [Liberty Mutual] (the preferred provider organizations and third party administrators) failed to comply with the statute's notice provisions. Thus, Gunderson and LCMH, assert that they are entitled to additional monies [from Liberty Mutual] for medical services performed, in addition to statutory penalties and attorneys' fees.
>
> Liberty Mutual filed this suit requesting that the Court enter a judgment declaring that (1) the Provider Agreements are valid and enforceable, (2) Liberty Mutual is obligated to pay Gunderson and LCMH only the negotiated rates for medical services performed, (3) Gunderson and LCMH are not entitled to be paid amounts in excess of the negotiated rates, (3) [sic] Gunderson and LCMH have no cause of action under any law, statute, or regulation against Liberty Mutual, and (5) Gunderson and LCMH's efforts to receive additional monies violate their contracts which constitutes a breach of those contracts, entitling Liberty Mutual to damages and indemnity, including, but not limited to attorneys [sic] fees.
>
> In its Second Amended Complaint, Liberty Mutual added as a defendant, [sic] First Health. . . . Liberty Mutual maintains that pursuant to the PPO Contract, First Health agreed to "fully indemnify and hold harmless [Liberty Mutual] . . . from and against any and all claims . . . .
>
> First Health filed a motion for summary judgment maintaining that because the Provider Agreements are valid and enforceable, First Health is not obligated to indemnify Liberty Mutual. . . . Liberty Mutual filed a motion for partial summary judgment seeking a declaration against Gunderson and LCMH that

the Provider Agreements with First Health are valid and enforceable.

Liberty Mutual Ins. Co. v. Gunderson, No. 04-cv-2405 (W.D. La Feb. 15, 2006) (Mem. Ruling). On February 15, 2006, the district court made the following rulings at the summary judgment stage:

> (1) the discount provisions in the Provider Agreements between First Health and Gunderson and LCMH are valid and enforceable because there are no prohibitions in the Louisiana Workers' Compensation law that prevent a provider from agreeing to charge and received discounted rates for the services they provide to occupationally ill or injured workers, and (2) the payment provisions of the provider Agreement between Liberty Mutual and Gunderson and LCMH are not null and void because Louisiana Revised Statue § 40.2203.1 expressly states that the notice requirement provisions shall not apply to group purchasers (First Health) or to agreements of a group purchaser (payors such as Liberty Mutual who have an agreement with First Health).

Liberty Mutual Ins. Co., No. 04-cv-2405, slip op. at 2 (W.D. La. Nov. 30, 2007) (Memorandum Ruling).

On October 30, 2006, the district court issued a temporary restraining order and preliminary injunction against Gunderson preventing him from pursuing any claim before any court arising under Louisiana's Any Willing Provider Act against First Health or any payor as set forth in the provider agreements between First Health and Gunderson. Gunderson did not file an appeal to the district court's order granting the preliminary injunction.

On August 24, 2007, Liberty Mutual filed a motion for civil contempt and sanctions, for a permanent injunction, and for stay of proceedings pursuant to the All Writs Act, 28 U.S.C. § 1651(a).[1] Liberty Mutual alleged that Gunderson

---

[1] District courts have the power to issue a narrowly tailored injunction under the All Writs Act to enjoin "repeatedly vexatious litigants from filing future state court actions." Newby v. Enron Corp., 542 F.3d 463, 2008 U.S. App. LEXIS 19167, *5 (5th Cir. 2008).

continued to file and prosecute claims in violation of the October 2006 preliminary injunction.

On September 27, 2007, First Health requested an order holding Gunderson in civil contempt for violating the October 2006 preliminary injunction. First Health also requested that the district court permanently enjoin Gunderson from relitigating in the Louisiana state workers' compensation system factual and legal issues actually decided by the district court's February 2006 memorandum ruling and April 2006 amended judgment.[2]

On November 30, 2007, the district court granted First Health's motion for a permanent injunction and stay of proceedings. The district court agreed that Gunderson violated the district court's October 2006 preliminary injunction when it continued to file and prosecute claims against First Health's payors in the Louisiana Office of Workers' Compensation ("OWC"). On January 2008, the district court granted a motion to amend the November 2007 judgment, to correct the time period regarding Gunderson's contract with First Health.

On January 10, 2008, Gunderson filed a notice of appeal from the November 2007 judgment, permanent injunction, and stay order, as well as the January 2008 amended judgment, permanent injunction, and stay order. On appeal, Gunderson argues that the district court erred when it applied the relitigation exception to the Anti-Injunction Act, 28 U.S.C. § 2283, to this case.

---

[2] The Anti-Injunction Act, 28 U.S.C. § 2283, generally prohibits federal courts from interfering with state court proceedings. Under the statute, a United States court may not grant an injunction to stay proceedings in a state court unless it is (1) expressly authorized by Congress; (2) where necessary in aid of its jurisdiction; or (3) to protect or effectuate its judgments. The later of these three exceptions is commonly referred to as the "relitigation exception" to the Anti-Injunction Act. See Duffy & McGovern Accommodation Servs. v. QCI Marine Offshore, Inc., 448 F.3d 825, 828 (5th Cir. 2006) (stating that "a federal court can enjoin state proceedings threatening to ignore an earlier, preclusive federal court order").

On May 16, 2008, First Health filed a motion to dismiss the appeal for lack of jurisdiction.

## II. APPELLATE JURISDICTION

First Health contends that Gunderson claims to appeal from the district court's November 2007 and January 2008 judgments granting the permanent injunction, but in actuality Gunderson is impermissibly attempting to appeal for the first time the October 2006 and April 2006 judgments granting the preliminary injunction. First Health refers to the preliminary injunction as the "original injunction." First Health claims the permanent injunction served merely to clarify the preliminary injunction and is not independently appealable; therefore, this Court has no jurisdiction to hear the appeal because Gunderson failed to appeal from the preliminary injunction.

First Health acknowledges that 28 U.S.C. § 1292(a)(1) grants this Court jurisdiction to entertain appeals from "[i]nterlocutory orders of the district courts . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions."[3] But First Health argues that the permanent injunction served merely to clarify the scope of the earlier preliminary injunction, and "interlocutory appeals are not allowed when a court merely enforces or interprets a previous injunction." Ingram Towing Co. v. Adnac Inc., 59 F.3d 513, 516 (5th Cir. 1995). Gunderson argues that it is well settled that once an order of permanent injunction is granted, the order of preliminary injunction is merged with it and an appeal is proper only from the order granting the permanent injunction. Louisiana World Exposition, Inc. v.

---

[3] Gunderson notes that before the deadline to appeal the November 2007 injunction passed, First Health timely filed an unopposed motion to amend the injunction to correct an inaccurate date. The district court then issued the January 2008 amended judgment, and in accordance to Federal Rule of Appellate Procedure 4(a)(1), Gunderson and LCMH timely filed a notice of appeal of that order.

Logue, 746 F.2d 1033, 1038 (5th Cir. 1984); SEC v. First Fin. Group, 645 F.2d 429, 433 (5th Cir. 1981) (internal citations omitted).

The district court did not merely enforce or interpret the preliminary injunction. Instead, the district court broadened the scope of the injunction and converted the preliminary injunction into a permanent injunction. In this situation, under First Financial Group and Louisiana World Exposition, Inc., an appeal is proper only from the order granting the permanent injunction. First Health's argument that Gunderson waived the opportunity to appeal the validity of issues related to the original preliminary injunction fails, because the permanent injunction merged the two injunctions into one.

The motion to dismiss for lack of jurisdiction is, therefore, DENIED. We now turn to Gunderson's appeal from the district court order.

## III. ANALYSIS

### A. Standard of Review

The district court's decision to issue a permanent injunction is reviewed for abuse of discretion. Regions Bank v. Rivet, 224 F.3d 483, 488 (5th Cir. 2000) (citation omitted). "The application of the relitigation exception is an issue of law, and therefore this [C]ourt reviews de novo the lower court's determination that an injunction may be issued under that exception." Id.

### B. Discussion

The issue on appeal is the permanent injunction issued by the district court on January 2008. Gunderson appeals the portion of the injunction which enjoins claims against First Health and/or its "unidentified payors." Gunderson does not appeal the permanent injunction applicable to claims against Liberty Mutual.

Gunderson makes four basic arguments to support the conclusion that the district court erred in granting a permanent injunction in favor of First Health and its payors: (1) that the district court improperly applied the All Writs Act and the relitigation exception of the Anti-Injunction Act; (2) that the district

6

court lacked subject matter jurisdiction; (3) that the absence of a judgment between Gunderson and First Health precludes the relief granted by the district court; and (4) that including First Health's "payors" within the scope of the injunction rendered the injunction too general to pass muster under Federal Rule of Civil Procedure ("Rule") 65.

## 1. All Writs Act and the Relitigation Exception

Gunderson contends that it was improper for the district court to rely upon the All Writs Act and the relitigation exception to the Anti-Injunction Act to enjoin Gunderson from pursuing claims pending in both Louisiana state court and in the OWC. As explained in Regions Bank v. Rivet, this Court utilizes a four-part test to determine whether the relitigation exception to the Anti-Injunction Act applies to preclude litigation of a claim in state court. 224 F.3d at 488. Specifically,

> (1) "the parties in a later action must be identical to (or at least in privity with) the parties in a prior action"; (2) "the judgment in the prior action must have been rendered by a court of competent jurisdiction"; (3) "the prior action must have concluded with a final judgment on the merits"; and (4) "the same claim or cause of action must be involved in both suits."

Id. (5th Cir. 2000) (citations omitted). Gunderson argues that these requirements are not met in this case. We disagree. This section will address Regions Bank factors one, three, and four. Factor two is discussed below as it is related to a separate claim made by Gunderson.

## A. Factor One

To the extent that Gunderson attempts to bring any claims, whether in federal court, state court, or the OWC, against Liberty Mutual involving the district court's ruling at the summary judgment stage, the parties in the future actions would be identical, and res judicata applies. Vines v. Univ. of La., 398 F.3d 700, 709 (5th Cir. 2000). Gunderson does not dispute that he is precluded from bringing any claims of this nature against Liberty Mutual.

Further, this Court finds that First Health and its "payors" are in privity with Liberty Mutual. "Privity is a 'legal conclusion that the relationship between the one who is a party on the record and the non-party is sufficiently close to afford application of the principle of preclusion.'" Id. at 706. As this Court explained in Howell Hydrocarbons, Inc. v. Adams, a party is in privity with a

party for res judicata purposes "if the party adequately represented his interest in the prior proceeding." 897 F.2d 183, 188 (5th Cir. 1990). Liberty Mutual and other "payors" entered into Provider Agreement contracts with First Health. Liberty Mutual and First Health actively disputed Gunderson's claims that (1) the discount provisions contained in the Provider Agreements are unenforceable, and (2) that the payment provisions contained in the Provider Agreements do not apply to group purchasers or to agreements of group purchasers. The contractual relationship between First Health and its payors, as well as the identical litigation position against Gunderson in suits over these contractual provisions, evidence to this Court that First Health and its "payors" are in privity with Liberty Mutual. Factor One is satisfied.

B. Factor Three

Factor Three requires that the prior action conclude with a final judgment on the merits. The district court's use of the relitigation exception and decision to issue a permanent injunction were based on its summary judgment ruling in favor of Liberty Mutual. Gunderson abandoned any ability to appeal the district court's summary judgment ruling.[4] Factor Three is satisfied.

C. Factor Four

Factor Four requires that both disputes involve the same claim or cause of action. The claims at issue in the instant case, and the claims filed by Gunderson in the OWC, all involve discount and payment provisions in Provider

---

[4] On May 9, 2006, Gunderson appealed the district court's grant of summary judgment. This Court dismissed the appeal for lack of jurisdiction in a per curiam opinion without explanation. Based on the briefs filed, this Court finds that the appeal was dismissed for lack of jurisdiction because Gunderson improperly attempted to appeal the district court's denial of a 12(b)(6) motion to dismiss. See Appellee's Mot. to Dismiss the Appeal for Lack of Juris. in Liberty Mutual Insurance Co. v. Gunderson, No. 06-30545, (5th Cir. 2006) (unpublished decision). Gunderson failed to brief the only appealable issue, the district court's grant of summary judgment in favor of Liberty Mutual, and therefore abandoned that issue on appeal.

Agreements between First Health and Gunderson. First Health's payors provided payments to Gunderson under the provisions found in these Provider Agreements between First Health and Gunderson. Gunderson repeatedly attempted to make claims against First Health's payors, arguing that the payors improperly discounted rates for their services under these Agreements, despite the district court's rejection of that very argument in its ruling that the Provider Agreements are valid and enforceable.

In addition, collateral estoppel precludes Gunderson from pursuing any future claims that would involve relitigating the issues decided by the district court when it granted summary judgment against Gunderson. Vines, 398 F.3d at 709 (explaining that collateral estoppel requires the same issue, fact, or law be actually litigated and determined in a prior judgment). Gunderson is barred from attempting to bring a claim in federal court, state court, or the OWC that would involve deciding the validity of the discount or payment provisions contained in Provider Agreements between First Health and its payors. The district court decided these issues on summary judgment, and Gunderson abandoned its appeal of the rulings contained in the district court's grant of summary judgment. Factor Four is satisfied.

## 2. Subject Matter Jurisdiction (Regions Bank Factor Two)

Gunderson alleges that the district court did not have subject matter jurisdiction to decide the instant case. To demonstrate the district court's lack of subject matter jurisdiction, Gunderson points to similar lawsuits where the same district court found that it lacked jurisdiction. See Sentry v. Lake Charles Mem'l, 2:06-cv-00570 (W.D. La. June 4, 2008); AIG v. Gunderson, 2:05-cv-247 (W.D. La. May 11, 2005); Gunderson v. F.A. Richard & Assocs., 2:04-cv-1242 (W.D. La. Mar. 23, 2005).[5] Gunderson, however, in making this argument

---

[5] The findings in the other cases are irrelevant; however, this Court notes that the district court distinguished the instant case from each one of the decisions cited by Gunderson to argue that the district court lacked subject

ignores that the district court had proper diversity jurisdiction over this case. The Supreme Court explained in Horton v. Liberty Mutual Insurance Co. that state workers' compensation claims may be removed to federal district courts if diversity jurisdiction exists. 367 U.S. 348, 352 (1961). Regions Bank Factor Two requires the court have "competent" jurisdiction, but does not specifically require that the court using the relitigation exception to the Anti-Injunction Act have subject matter jurisdiction over the case. Regions Bank, 224 F.3d at 488 (citation omitted). The district court properly found that it maintained diversity jurisdiction over this case.

## 3. Final Judgment on the Merits Between Gunderson and First Health

Gunderson next argues that the district court erred in issuing the injunction, because "Plaintiffs in both suits must have asserted the same claim or cause of action, the federal court's underlying judgment must be 'final', [sic] and the federal and state proceedings must involve identical parties." Gunderson then provides a citation to Regions Bank. Gunderson misunderstands what is required by the relitigation exception. The four factor test outlined in Regions Bank does not require a final judgment on the merits between Gunderson and First Health. Regions Bank, 224 F.3d at 488 (citation omitted). The test does, however, require a final judgment on the merits. As discussed above, the district court issued a final judgment when it granted summary judgment in favor of Liberty Mutual. While this Court acknowledges that the grant of summary judgment was limited to a finding in favor of Liberty Mutual, we also find that First Health and its payors are in privity with Liberty Mutual for purposes of the relitigation exception. The district court specifically ruled on the validity of Provider Agreements entered into between Gunderson and First Health in its summary judgment ruling.

---

matter jurisdiction. On de novo review, this Court must make an independent determination regarding subject matter jurisdiction.

## 4. Federal Rule of Civil Procedure 65

Gunderson argues that enjoining actions against parties who are not identified (or identifiable without initiating litigation), violates the rule of specificity for injunctions. Gunderson asserts that the permanent injunction is impermissibly vague, overbroad and hard to ascertain in that it fails to name or otherwise identify the 'payors' of First Health. Rule 65(d) requires specificity; "[a]n injunction must simply be framed so that those enjoined will know what conduct the court has prohibited." Meyer v. Brown & Root Constr. Co., 661 F.2d 369, 373 (5th Cir. 1981). The district court correctly noted that the Provider Agreements between First Health and Gunderson required First Health to provide a payor listing to Gunderson. Liberty Mutual, No. 04-cv-2405, slip op. 5-6 (Mem. Ruling). First Health complied with these requirements, and provided Gunderson with payor listings. Therefore, this Court holds that the permanent injunction is framed in a manner that enables Gunderson to know what conduct the district court prohibited.

## IV. CONCLUSION

For the foregoing reasons, First Health's motion to dismiss for lack of jurisdiction is DENIED. The district court's grant of a permanent injunction against Gunderson is AFFIRMED.