IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 21, 2010

No. 09-30733
cons. w/ 09-30958

Lyle W. Cayce
Clerk

LIBERTY MUTUAL INSURANCE COMPANY; HELMSMAN
MANAGEMENT SERVICES LLC; EMPLOYER INSURANCE OF WAUSAU,

Plaintiffs–Appellees

v.

CLARK A. GUNDERSON; LAKE CHARLES MEMORIAL HOSPITAL;
GEORGE RAYMOND WILLIAMS MD, ORTHOPAEDIC SURGERY, A
PROFESSIONAL MEDICAL LLC; FRANK W. LOPEZ; JOSEPH TURK;
BARCZYK CLINIC; FAYEZ K. SHAMIEH; BEUTLER-ENGLAND
CHIROPRACTIC CLINIC,

Defendants–Appellants

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 2:04-CV-2405

Before WIENER, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Appellants, a group of medical providers (the "Providers"), appeal two
interlocutory rulings made by the district court for the Western District of
Louisiana. The Providers appeal the district court's grant of partial summary

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

judgment in favor of Liberty Mutual Insurance Co., Helmsman Management Services LLC, and Employer Insurance of Wausau (collectively, the "Liberty Entities"), which the district court certified as final under Federal Rule of Civil Procedure 54(b). The Providers also appeal the district court's grant of a permanent injunction to enforce the summary judgment. The Liberty Entities move to dismiss the appeal of the grant of partial summary judgment for lack of appellate jurisdiction because the Providers seek to have this Court decide abstention issues which extend beyond the scope of the claim the district court certified as final.

We conclude that we have appellate jurisdiction over the appeal of the grant of partial summary judgment because the Providers' request that we certify the merits of the summary judgment to the Louisiana Supreme Court falls within the claim certified by the district court. However, the Providers do not argue that the district court erred in its determination of the merits of the summary judgment claim, and we decline to certify the merits of the summary judgment to the Louisiana Supreme Court. We therefore affirm the grant of partial summary judgment. Additionally, we hold that the permanent injunction is proper under the relitigation exception to the Anti-Injunction Act and merely enforces the partial summary judgment. Therefore, we also affirm the district court's grant of the permanent injunction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

The Liberty Entities insure various Louisiana employers in connection with Workers' Compensation claims made against them. The Liberty Entities entered into contracts with First Health Group Corp., a Preferred Provider Organization, whereby First Health agreed to make various medical providers available to the Liberty Entities at discounted rates. The Providers all signed contracts with First Health (the "Provider Agreements"), agreeing to deliver

medical services at discounted rates to patients covered by various payors, including the Liberty Entities. The Providers have treated numerous employees of the Liberty Entities' insureds in connection with those employees' Workers' Compensation claims.

The Liberty Entities paid the Providers at the rates the Providers agreed to in the Provider Agreements. The Providers, however, filed numerous claims in the Louisiana Office of Workers' Compensation ("OWC"), asserting that the rates negotiated in the Provider Agreements are invalid under the Louisiana Workers' Compensation Act ("LWCA"), LA. REV. STAT. § 23:1021 et seq.,[1] and that Liberty Mutual violated the Any Willing Provider Act ("AWPA"), LA. REV. STAT. § 40:2201 et seq.,[2] and seeking additional compensation.

B.    Procedural Background

Liberty Mutual originally filed this declaratory action against only Lake Charles Memorial Hospital ("LCMH") and Gunderson. Liberty Mutual sought a declaration that the Provider Agreements are valid and enforceable and that it owed LCMH and Gunderson no additional money.[3] The district court granted partial summary judgment in favor of Liberty Mutual because it found that the Provider Agreements are valid and enforceable and that Liberty Mutual and First Health are not group purchasers under the AWPA. After the district court

---

[1] The LWCA provides a reimbursement schedule for medical providers seeking compensation for services performed for Workers' Compensation claimants. See LA. REV. STAT. § 23:1034.2. The Providers argue that they are entitled to the scheduled amount and that the Provider Agreements are invalid to the extent they discount services below that amount.

[2] The Providers claim that the Provider Agreements are invalid under the AWPA because they violate the AWPA's notice requirements. The Liberty Entities claim that First Health is not a group purchaser, and are thus exempt from the AWPA's notice requirements.

[3] Liberty Mutual also sought damages for breach of contract based on its status as a third party beneficiary of the Provider Agreements. In addition, Liberty Mutual later added First Health as a declaratory defendant, seeking a declaration that First Health would owe indemnity for any money the Providers recovered from Liberty Mutual. First Health is not a party to this appeal.

certified the partial summary judgment as final under Rule 54(b), Gunderson and LCMH appealed, but this Court dismissed the appeal for lack of appellate jurisdiction after Gunderson and LCMH failed to brief the merits of the grant of partial summary judgment. Liberty Mutual later obtained a permanent injunction from the district court that prohibited LCMH and Gunderson from relitigating the issues decided in the summary judgment in Louisiana state courts or before the OWC against Liberty Mutual, First Health, or other authorized payors.

LCMH and Gunderson appealed the grant of the permanent injunction pursuant to 28 U.S.C. § 1292(a)(1), and we affirmed the district court's order. Liberty Mut. Ins. Co. v. Gunderson, 305 F. App'x 170 (5th Cir. 2008) (unpublished) (per curiam), cert. denied, 130 S. Ct. 61 (2009). This Court found that the district court's order was a proper exercise of the relitigation exception to the Anti-Injunction Act. Id. at 175–77. Upon remand, Liberty Mutual amended its complaint to add the remaining Providers as declaratory defendants, and added Helmsman and Wausau, two of its subsidiaries, as plaintiffs.

The Providers moved the district court to dismiss or abstain, and the district court denied the motion. The Liberty Entities then moved for partial summary judgment, which the district court granted to the extent that it found (1) the Provider Agreements are valid and enforceable because neither First Health nor the Liberty Entities are group purchasers and thus they are exempt from the AWPA's notice provisions; and (2) the LWCA does not prevent discounting below its reimbursement schedule. The district court found that the partial summary judgment disposed of some but not all claims against the Providers and, there being no just reason to delay entry of judgment, certified the order as final under Rule 54(b). The Providers timely filed a notice of appeal of the order granting partial summary judgment; the order certifying the partial

summary judgment; and interlocutory orders, including the district court's denial of the Providers' motion to dismiss or abstain.

After the Providers filed their notice of appeal, the Liberty Entities moved for a permanent injunction enforcing the partial summary judgment. The district court enjoined the Providers from

> pursuing any claims before any court or administrative agency in the State of Louisiana against [the Liberty Entities] in which the Providers allege that they are entitled to additional monies from the Liberty [E]ntities for medical services beyond the terms set forth in their Provider Agreements . . . and/or allege that their Provider Agreements are invalid and/or unenforceable because they run afoul of the Louisiana Workers' Compensation law; and any claims before any court of or administrative agency in the state of Louisiana against the Liberty [E]ntities in which the Providers seek penalties pursuant to Title 40 and allege that the payment provisions of the Provider Agreements are null and void because the Providers were not provided with a benefit card or other written notice as required by Louisiana Revised Statute 40:2203.1.

The Providers timely appealed the permanent injunction pursuant to 28 U.S.C. § 1292(a)(1). We consolidated the appeal of the permanent injunction and the appeal of the partial summary judgment for oral argument.

## II. JURISDICTION AND STANDARD OF REVIEW

"When an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b). We may entertain an appeal of a partial summary judgment that does not dispose of the entire litigation if the district court certifies the judgment as final under Rule 54(b). Kelly v. Lee's Old Fashioned Hamburgers, Inc., 908 F.2d 1218, 1222 (5th Cir. 1990) (en banc). Under 28 U.S.C. § 1292(a)(1), we have jurisdiction over "[i]nterlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing or dissolving injunctions."

"'We review a grant of summary judgment de novo, applying the same criteria as the district court.'" United States v. Loftis, 607 F.3d 173, 176 n.2 (5th Cir. 2010) (quoting In re Hinsley, 201 F.3d 638, 642 (5th Cir. 2000)). Although the district court's application of the relitigation exception of the Anti-Injunction Act is reviewed de novo, Harvey Specialty & Supply, Inc. v. Anson Flowline Equip., Inc., 434 F.3d 320, 323 (5th Cir. 2005), we review "the district court's decision to render an injunction for abuse of discretion" Moore v. State Farm Fire & Cas. Co., 556 F.3d 264, 269 (5th Cir. 2009) (citing Newby v. Enron Corp., 302 F.3d 295, 301 (5th Cir. 2002)).

## III. DISCUSSION

### A. Partial Summary Judgment Appeal

The district court decided in its grant of partial summary judgment that the Provider Agreements are valid and enforceable under Louisiana law notwithstanding the fee schedule in the LWCA and the notice requirements in the AWPA. In the partial summary judgment appeal, the Providers argue that the district court should have abstained from hearing the case because of the pendency of multiple claims in the OWC and Louisiana state courts and the importance of the state law issues to Louisiana. The Providers argue in the alternative that we should certify the merits of the partial summary judgment to the Louisiana Supreme Court. The Providers do not argue that we should reverse the district court on the merits of the district court's partial summary judgment.

We only have jurisdiction to consider the claim certified by the district court. See United Indus. v. EIMCO Process Equip. Co., 61 F.3d 445, 448 (5th Cir. 1995) (finding that this Court has "no jurisdiction to consider orders of the district court outside the scope of certification"). Here, the district court certified the Liberty Entities' declaratory judgment claims as final under Rule 54(b), finding the Provider Agreements valid under Louisiana law. The abstention

6

issues argued by the Providers are relevant to claims still pending before the district court, and the parties may obtain review of these issues from a future panel of this Court upon final resolution of the litigation. We have no appellate jurisdiction over the abstention issues still pending before the district court. However, we have jurisdiction to consider the Providers' request for certification to the Louisiana Supreme Court because the Providers' request relates only to the claim certified by the district court under Rule 54(b).

"[T]he decision of whether to certify a question lies within our sound discretion." Patterson v. Mobil Oil Corp., 335 F.3d 476, 487 (5th Cir. 2003) (citing Nationwide Mut. Ins. Co. v. Unauthorized Practice of Law Comm., 283 F.3d 650, 656 (5th Cir. 2002)). "[T]he absence of a definitive answer from the state supreme court on a particular question is not sufficient to warrant certification." Jefferson v. Lead Indus. Assoc., Inc., 106 F.3d 1245, 1247 (5th Cir. 1997).

We decline to certify the question of whether the Provider Agreements are valid and enforceable under the AWPA and the LWCA. The Providers only briefly discuss the merits of the district court's summary judgment, citing a concurrence from a Louisiana Third Circuit Court of Appeal judge, who stated that discounting of Workers' Compensation medical providers' services is not allowed under the LWCA. Beutler England Chiropractic Clinic v. Mermentau Rice, Inc., 931 So. 2d 553, 559–61 (La. Ct. App. 2006) (Peters, J., concurring). A panel of the same court has since adopted Judge Peters' interpretation of the LWCA. Agilus Health v. Accor Lodging N. Am., 32 So. 3d 1120, 1121–22 (La. Ct. App. 2010). The Louisiana Supreme Court recently agreed to review that case, and will hear oral argument later this year. Agilus Health v. Accor Lodging N. Am., No. 2010-C-0800, 2010 WL 2595306 (La. June 18, 2010). The Providers fail to cite a single Louisiana case regarding the interpretation of the AWPA.

7

The merits of the summary judgment appeal are not so unsettled that we should certify the question to the Louisiana Supreme Court. In fact, the issue of whether the LWCA prohibits discounting of Workers' Compensation medical providers' services is likely to be resolved by the Louisiana Supreme Court soon. Because the Providers do not argue that we should reverse the merits of the district court's judgment, and we decline to certify the merits to the Louisiana Supreme Court, we affirm the district court's grant of summary judgment.

B.      Permanent Injunction Appeal[4]

The district court issued the permanent injunction pursuant to the All Writs Act, 28 U.S.C. § 1651(a). However, the Anti-Injunction Act generally prohibits federal courts from enjoining state proceedings, except for three enumerated exceptions. 28 U.S.C. § 2283. One such exception—the relitigation exception—allows the district court to enjoin state proceedings in order "to protect or effectuate [the district court's] judgments." Id. We hold that the relitigation exception applies because the district court closely tailored its injunctive relief to apply only to those issues decided in the partial summary judgment. But, before discussing the application of the relitigation exception, we must satisfy ourselves that the district court had jurisdiction to issue the injunction.

1.      Jurisdiction to Issue the Injunction

The Providers argue that the district court no longer had jurisdiction to issue the injunction once they filed their notice of appeal of the partial summary judgment. The district court exercised its jurisdiction, suspecting that the Providers appealed the partial summary judgment for delay purposes and

---

[4] To the extent that the Providers argue the abstention issues as part of their appeal of the permanent injunction, we find that review of the abstention issues is not necessary to ensure meaningful review of the order granting a permanent injunction. See Byrum v. Landreth, 566 F.3d 442, 449 (5th Cir. 2009) (stating that appellate jurisdiction over interlocutory rulings may only exist if it is inextricably intertwined with an independently appealable order). Therefore, we do not reach those issues.

finding that it retained jurisdiction over the case so that it could act to protect its judgment.

"If an appeal is taken from a judgment which determines the entire action, the district court loses power to take any further action in the proceeding upon the filing of a timely and effective notice of appeal . . . ." Nicol v. Gulf Fleet Supply Vessels, Inc., 743 F.2d 298, 299 (5th Cir. 1984). Where the order on appeal does not dispose of the entire case, however, the district court may still proceed with matters not involved in the appeal. Alaska Elec. Pension Fund v. Flowserve Corp., 572 F.3d 221, 233 (5th Cir. 2009) (citing Alice L. ex rel. R.L. v. Dusek, 492 F.3d 563, 564–65 (5th Cir. 2007)). The district court also retains jurisdiction to "enforce its judgment so long as the judgment has not been stayed or superseded." Ross v. Marshall, 426 F.3d 745, 751 (5th Cir. 2005) (quotation omitted). We have previously held that a district court may rule on whether to hold a party in contempt for violating an injunction while the merits of the injunction are on appeal. Farmhand, Inc. v. Anel Eng'g Indus., Inc., 693 F.2d 1140, 1145–46 (5th Cir. 1982).

We conclude that the district court maintained jurisdiction to issue the injunction despite the Providers' notice of appeal. The breach of contract claims remained pending before the district court despite the resolution of the partial summary judgment. Therefore, the instant case is distinguishable from the cases cited by the Providers which involved injunctions against state court proceedings after the dismissal of an entire case. See Am. Town Center v. Hall 83 Assocs., 912 F.2d 104, 110–11 (6th Cir. 1990) (upholding a district court's refusal to enjoin state court proceedings when the district court's dismissal of the lawsuit was on appeal); Henry v. Farmer City State Bank, 808 F.2d 1228, 1240 (7th Cir. 1986) (reversing an injunction against state court proceedings granted by the district court after dismissal of the federal lawsuit).

The district court's injunction merely enforced the partial summary judgment. American Town Center involved an expansion, not merely an enforcement, of the district court's judgment because the injunction requested in that case extended to parties not involved in the federal litigation. 912 F.2d at 111. We do not hold that whenever the relitigation exception applies, the injunction is necessarily a valid enforcement of the district court's judgment. However, in this case, where the district court has not completely disposed of the case, and, where the injunction granted is so narrowly tailored to the precise issue decided, was necessary given the Providers' conduct, and only applies to the parties in the federal action, we hold that the district court had jurisdiction to enter the injunction.

2.     Application of Religitation Exception

We have developed a four-part test to determine whether a particular injunction falls under the relitigation exception:

> (1) parties in the later action must be identical to or in privity with the parties in the previous action; (2) judgment in the prior action must have been rendered by a court of competent jurisdiction; (3) the prior action must have concluded with a final judgment on the merits; and (4) the same claim or cause of action must be involved in both suits.

Moore, 556 F.3d at 273 (citing New York Life Ins. Co. v. Gillispie, 203 F.3d 384, 387 (5th Cir. 2000)). We examine each prong in turn.

Here, the injunction applies only to parties to the federal case: the Providers and the Liberty Entities. Therefore, the first prong is satisfied. With regard to the second prong, we have already found that the district court is a court of proper jurisdiction in the appeal of the permanent injunction against Gunderson and LCMH, Liberty Mut. Ins., 305 F. App'x at 177, and, as counsel for the Providers admitted at oral argument, we are bound by our previous decision. As to the third prong, there is no dispute that the partial summary judgment is a final judgment on the merits.

The Providers take issue with the fourth prong: whether the action enjoined involves the same claim or cause of action as this case. The Providers argue that the injunction is too broad because there are issues relating to the Provider Agreements that the district court did not decide on summary judgment and that may entitle the Providers to state court damages against the Liberty Entities. The Providers seek recovery from the Liberty Entities for late payments, improper down-coding, nonpayment of covered expenses, application of erroneous discount rates, and failure to comply with other specific provisions of the Provider Agreements.

The injunction, however, is not as broad as the Providers claim. We hold that the injunction is tailored to apply only to those issues decided in the partial summary judgment. The injunction merely prevents the Providers from relitigating that the LWCA or the AWPA renders the Provider Agreements invalid or unenforceable. The injunction does not prevent the Providers from pursuing their other claims against the Liberty Entities in the OWC and Louisiana state courts. Therefore we conclude the district court properly applied the relitigation exception to enjoin the state court action.

### 3. Propriety of Injunction

The Providers maintain that, even if the district court had jurisdiction to issue the injunction and properly applied the relitigation exception, the district court abused its discretion by granting the injunction. We find no merit in this argument. The district court felt that the injunction was necessary to prevent the Providers' state court delay tactics and unnecessary expenditures, and we will not disturb that ruling on appeal.

## IV. CONCLUSION

Because the Providers failed to brief the merits of the partial summary judgment appeal and we reject their request to certify the merits to the Louisiana Supreme Court, we AFFIRM the district court's grant of partial

11

summary judgment in favor of the Liberty Entities. We also AFFIRM the district court's permanent injunction against the Providers, enjoining them from relitigating the issues decided in the partial summary judgment before the OWC or in Louisiana state courts. We DENY the Liberty Entities' motion to dismiss for lack of appellate jurisdiction.

AFFIRMED.