# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 31, 2012

No. 12-50605
Summary Calendar

Lyle W. Cayce
Clerk

In re Richard Arizpe,

Plaintiff-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:12-cv-449

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Appellant Richard Arizpe ("Arizpe") has filed numerous lawsuits related to his employment with the Department of Transportation and Federal Aviation Administration. In a prior case, a district court in the Western District of Texas dismissed Arizpe's claims with prejudice and enjoined Arizpe from filing any suit related to his employment with the Department of Transportation without first obtaining leave of court "after demonstrating that his claim is timely, was exhausted (if applicable), and is not barred by res judicata, collateral estoppel or other legal doctrine." *Arizpe v. Cino*, No. SA-06-CA-563-FB (W.D. Tex. Apr. 20, 2007). We affirmed. *Arizpe v. Peters*, No. 07-50819, 2007 WL 4510900, at *1 (5th Cir. Dec. 21, 2007).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-50605

In May 2012, Arizpe sought leave to file a civil complaint under a host of federal statutes, alleging employment discrimination by the Department of Transportation and, relatedly, the Federal Aviation Administration. Noting that the proposed complaint asserted claims "again relating to [Arizpe's] past employment by the Department of Transportation," the district court concluded that Arizpe failed to show that his claims were not barred by res judicata, collateral estoppel, or another legal doctrine and denied Arizpe's request for leave. Arizpe appeals that denial.

We generally review denials of leave under an abuse of discretion standard. *See In re Raz*, No. 07-30558, 2007 WL 3145320, at *1 (5th Cir. 2007) (reviewing a district court's refusal to grant a "prolific filer" leave to file a new complaint for abuse of discretion). However, the application of res judicata and collateral estoppel are conclusions of law that we review *de novo*. *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004) ("The res judicata effect of a prior judgment is a question of law that we review *de novo*."); *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 868 (5th Cir. 2000) ("The application of collateral estoppel is a question of law that we review de novo").

As he did before the district court, Arizpe argues on appeal that res judicata and collateral estoppel do not apply because a jury never heard his cases. But a jury trial is not a prerequisite to the application of claim and issue preclusion principles. *See, e.g.*, *Duffie v. United States*, 600 F.3d 362, 372 (5th Cir. 2010) (holding that an agreed decision in Tax Court had preclusive effect); *Duffy & McGovern Accommodation Servs v. QCI Marine Offshore, Inc.*, 448 F.3d 825 (5th Cir. 2006) (holding that a federal court's order dismissing a case because a forum selection clause mandated venue in England met the requirements for collateral estoppel). Moreover, a review of the record and

No. 12-50605

Arizpe's previous filings in the Western District of Texas demonstrates that Arizpe's proposed claims against the Secretary of the Department of Transportation and the Federal Aviation Administration arise out of the same nucleus of operative facts that were at issue in his prior lawsuits. *See Test Masters Ed. Servs., Inc. v. Singh*, 428 F.3d 559 (5th Cir. 2005) (citing *New York Life Insur. Co. v. Gillispie*, 203 F.3d 384, 387 (5th Cir. 2000); *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309 (5th Cir. 2004)) (The "critical issue" in a res judicata analysis "is whether the two actions are based on the 'same nucleus of operative facts.'"). We agree with the district court that Arizpe has failed to make the required showing that his claims are not barred by collateral estoppel, res judicata, or another legal doctrine. Therefore, the district court did not abuse its discretion in denying Arizpe leave to file his complaint.

Accordingly, the district court's order is AFFIRMED.